**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| BERNETTA D. REAVES, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 5:07-CV-381 (HL) |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

### **Administrative Proceedings**

Claimant filed for disability benefits and supplemental security income on June 13, 2002. (T-14). Claimant's application was denied initially and on reconsideration. Claimant then filed a request for a hearing before an administrative law judge (ALJ), which was ultimately held on June 8, 2006. (T-518-566). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated April 12, 2007. (T-14-21). Claimant then requested a review of the ALJ's findings by the Appeals Council. Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.
3

(T-6-8).

## Statement of Facts and Evidence

Claimant alleged in her initial disability application that she was disabled due to Paroxysmal Supra Ventricular Tachycardia (PSVT), high blood pressure and anemia. (T-85). After examining the medical records, the ALJ determined that Claimant had PSVT, hepatitis, dizziness and sinusitis, impairments that were severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (T-15). Thereafter, the ALJ found that Claimant had the residual functional capacity to perform a range of light exertional work and that Claimant would not be able to return to her past relevant work. The ALJ then consulted the Medical Vocational Guidelines (GRIDS) to determine that Claimant was not disabled. (T-19).

## DISCUSSION

In her Brief, Claimant identifies four enumerations of error on the part of the ALJ. (R-12, p. 1). Specifically, Claimant contends that the ALJ failed to consider key evidence regarding her PSVT; failed to compose a complete hypothetical question to the Vocational Expert; failed to consider the testimony of a lay witness and failed to perform the requisite pain analysis. *Id.* Claimant's brief, however, only deals with the first issue of whether the ALJ failed to reconcile medical evidence of her recurrent arrhythmia with his finding that her impairments did not meet any Listing. (R-12, p. 7). As such, the court will review only the first issue and all other issues are deemed waived. *See N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998).

4

As to the sole issue for determination, the Claimant contends that the ALJ committed reversible error where he failed to cite to specific medical evidence which was relevant to her heart condition. (R-12, p. 7-9). Specifically, Claimant asserts that Claimant's condition met the Listing for recurrent arrhythmia, but that the ALJ failed to cite to certain evidence which would have established that she met said Listing located in 20 C.F.R. pt. 404, subpt. P, app. 1 § 405, . *Id.*

To "meet" a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement. *See* 20 C.F.R. § 404.1525(a)-(d). To "equal" a Listing, the medical findings must be "at least equal in severity and duration to the listed findings." *See* 20 C.F.R. § 404.1526(a). If a claimant has more than one impairment, and none meets or equals a listed impairment, the Commissioner reviews the impairments' symptoms, signs, and laboratory findings to determine whether the combination is medically equal to any listed impairment. *Id.* To meet or medically equal Listing 4.05, the Commissioner requires that a Claimant establish that she has recurrent arrhythmias (not due to digitalis toxicity) resulting in uncontrolled repeated episodes of cardiac syncope and documented by resting or ambulatory (Holter) electrocardiography, or by other appropriate medically acceptable testing. 20 C.F.R. pt. 404, subpt. P, app. 1 § 405. Specifically, the Plaintiff must establish that she had at least three uncontrolled arrhythmias over a twelve month period with either a loss of consciousness (synscope) or altered consciousness (near synscope). *Id.*

A review of the medical evidence shows a questionnaire completed by Claimant's physician, Dr. Hooda, who noted that Claimant had recurrent arrhythmias which caused syncope. (T-442,443). The physician's listing of a claimant's diagnoses, however, fails to meet the standard as set out in Listing 4.05. Section 4.05 specifically requires documentation in the form of resting or ambulatory electrocardiography, i.e. a Holter monitor, or other appropriate medically acceptable testing. 20 C.F.R. pt. 404, subpt. P, app. 1 § 405. Claimant states in her brief that the ALJ made a finding that her heart condition did not meet Listing § 4.05 because ". . . on January 11, 2005, there was a normal tracing (on a Holter monitor test). What the ALJ omitted was the numerous times that the holter monitor showed abnormal heart rhythms which were in the record." (R-12, p. 9). In her brief, Claimant cites to the numerous times she visited the hospital for heart related issues, T wave abnormalities and ECG tests, but fails to cite to the specific Holter test results which would establish that she met the Listing. Because the duty is on the Claimant to show that she is disabled, no error can be found in the ALJ's analysis of her impairments. Accordingly, it is found that the ALJ applied the appropriate legal standards in evaluating the established effects of all of her impairments in determining that Claimant was not disabled, and his decision is supported by substantial evidence.

## CONCLUSION

Based on the evidence presented, no basis is found for the Claimant's contention that the ALJ committed error, because his determinations made were completely within his judicial discretion. Furthermore, the record fails to reveal any evidence that the ALJ acted

outside of his judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 19th day of June, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw